# IN THE COURT OF APPEALS OF IOWA

No. 24-0403
Filed August 20, 2025

**IOWA DEPARTMENT OF REVENUE,**
    Plaintiff-Appellee,

**vs.**

**SETRA ANTONIO DESHUNT SUMERALL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller, Judge.

The defendant appeals the denial of his motion to quash garnishment after he failed to pay his drug-tax assessment. **AFFIRMED.**

Setra Antonio Deshunt Sumerall, West Branch, self-represented appellant.

Brenna Bird, Attorney General, Patrick C. Valencia, Deputy Solicitor General, and William C. Admussen (until withdrawal), Assistant Solicitor General, and John T.M. Whiteman, Assistant Attorney General, for appellee.

Considered without oral argument by Badding, P.J., Sandy, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**POTTERFIELD, Senior Judge.**

In May 2022, the Iowa Department of Revenue (the department) imposed a drug-tax assessment of $18,668.16 against Setra Sumerall.  Sumerall had sixty days to file a protest in writing.  It is possible that counsel for Sumerall mailed a letter to the department within the window of time.  But there is no evidence the department received the letter or that any appeal was initiated.  And Sumerall later entered into a payment agreement with the department, where he agreed to pay $500 per month toward the assessment.  After he failed to make a payment, the department sent Sumerall a notice of intent to levy on February 27, 2023, in which the department notified him that he had "broken [his] agreement to pay on the amount due" and that he needed to pay the full balance due or enter into another payment agreement.  In July, Sumerall entered into a second agreement to pay the tax assessment.  Between September and January 2024, the department sent Sumerall four notices of intent to levy; Sumerall did not respond or make the agreed-upon payments.

The department initiated this garnishment action in January 2024.  It sought to garnish funds seized from Sumerall in a criminal investigation, which were being held by the Iowa City Police Department.  Sumerall responded by filing a motion to quash; he maintained he was not liable for any drug-tax assessment because the associated criminal drug charges were dismissed by the State.  The district court filed an order noting that taxpayers who seek to challenge the validity of a tax assessment must exhaust certain administrative remedies.  *See Iowa Dep't of Revenue v. Yuska*, No. 11-0291, 2012 WL 3590455, at *2 (Iowa Ct. App. Aug. 22, 2012).  Because it was not clear that Sumerall had taken the necessary

administrative steps, the district court would not take any further action on Sumerall's motion to quash.

A few weeks later, the department asked the court to condemn the funds. Sumerall responded with another motion to quash and a motion to dismiss. He asserted that he received a ruling in his favor in another district court case—a return-of-seized-property action (SPCR140543)—which established that the drug-tax assessment of $18,668.16 was unlawful. In that case, the district court ruled that because the Iowa Supreme Court had denied Sumerall's appeal in the associated criminal case, the county attorney's office no longer had any grounds to hold the money as evidence. *See* Iowa Code § 809.5 (2024) (requiring property to be returned to the owner when it is no longer required as evidence, among other requirements). The district court recognized that the department "did not have a position on the issue of the initial seizure"; the department "indicated that it had filed a claim under chapter 453 and asks that any orders entered on this case be subject to the [d]epartment's garnishment." The court did "not reach any conclusions" regarding whether the department's claim was "superior or inferior" to Sumerall's because the claim was "filed as a separate action and therefore was not properly litigated in this action." In other words, the SPCR140543 court adjudicated the competing rights of Sumerall and the county attorney's office—it did not decide the department's rights to the seized funds.

Back in the garnishment action, the department responded with affidavits and business records, showing that it did not receive any communication from Sumerall that he wanted to appeal the initial drug-tax assessment. The

department's filings also showed that Sumerall later entered into two payment agreements with the department regarding the $18,668.16 drug-tax assessment.

Without a hearing, the district court denied Sumerall's motions to quash and dismiss and granted the department's motion to condemn the funds. The court concluded, "There is no convincing proof on file that [Sumerall] filed a formal protest or any type of appeal with [the department]. Rather, [Sumerall] entered into a payment agreement . . . . The Court is not persuaded that [Sumerall] has exhausted the administrative remedies available to him." The court also concluded that the ruling in SPCR140543, which decided Sumerall had the right to the seized monies over the county attorney's office, did not foreclose the department from taking possession of the funds.

Sumerall appeals. As we understand it, his argument is two-fold. First, he maintains the court's ruling in the return-of-seized-property action was that the drug-tax assessment does not apply to him and is unlawful. But Sumerall misunderstands that ruling, which did not consider the drug-tax assessment at all. Rather, the court ruled that the county attorney and police department no longer had a reason to hold onto the seized property—Sumerall's monies—because Sumerall's appeal of his guilty plea had been finally rejected by the supreme court, meaning there was no need to hold on to the case evidence. The SPCR140543 court did not consider the validity of the drug-tax assessment or the department's right to the monies. Second, Sumerall contends that either the department received the June 15, 2022 letter that gave notice to the department of his "formal protest"—an attempt to initiate an administrative challenge—and failed to take appropriate action or his attorney failed to ensure the letter was received, which

constitutes malpractice. Either way, he argues he should not be prevented from challenging the validity of the tax assessment now. Sumerall's decision to twice enter payment agreements on the $18,668.16 drug-tax assessment undercuts his argument that he attempted to pursue an administrative remedy but was thwarted—it seems that Sumerall took responsibility for the debt. And, as we have held before, "in order to challenge the assessment, [Sumerall] was required to exhaust his administrative remedies." *Yuska*, 2012 WL 3590455, at *2. "We do not consider issues raised on appeal where adequate administrative remedies have not been exhausted." *Id.* We affirm.

**AFFIRMED.**